IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

STEVEN R. HARRIS,

       Plaintiff,

vs.                                                  No. 06-2463-B/V

KM LOGISTICS,

       Defendant.
_____

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER TO AMEND COMPLAINT
_____

    The plaintiff has filed a complaint for disability discrimination with an application to proceed in forma pauperis under 28 U.S.C. § 1915(a). The motion to proceed in forma pauperis is GRANTED. The Clerk shall file the case without payment of the filing fee and record the defendant as KM Logistics. The Clerk shall not issue process or serve any papers until further ordered by the Court.

    Plaintiff has also filed a motion for appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly,

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard

under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972).

Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. See Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

A review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent himself. Furthermore, it does not appear from the affidavit supporting his motion that he will be unable to obtain counsel on his own. The motion is DENIED.

---

v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 310 (1989).

Insofar as plaintiff sues KM Logistics, it is unclear from the complaint that plaintiff has exhausted his administrative remedies on his claims of discrimination. See generally Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Parsons v. Yellow Freight Systems, Inc., 741 F.2d 871 (6th Cir. 1984). The exhibits to the complaint reveal that plaintiff was notified by the EEOC that his charge was not timely filed. Title VII provides that "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). This time limit is not jurisdictional and may be tolled. Irwin v. Dept. of Vet. Affairs, 498 U.S. 89, 96 (1990); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

While the administrative time limits for filing EEOC complaints are subject to equitable tolling, Zipes, 455 U.S. at 393, plaintiff must demonstrate facts showing his diligence in pursuing the claim. See Morgan v. Washington Manufacturing Co., 660 F.2d 710, 712 (6th Cir. 1981) (equitable considerations should toll the 180-day period, in the absence of prejudice to the defendant or a showing of bad faith or lack of diligence by a claimant). When an employee is generally aware of his rights, "[e]quitable tolling, or waiver, . . . is available only in compelling cases which justify a departure from established procedures." Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 1989). The complaint with attachments makes it clear that plaintiff did not file his original administrative charge on

time, warranting dismissal in the absence of a valid claim of equitable tolling. <u>Banks v. Rockwell International North American Aircraft Operations</u>, 855 F.2d 324, 326 (6th Cir. 1988); <u>Hunter v. Stephenson Roofing Co.</u>, 790 F.2d 472, 474 (6th Cir. 1986).

Plaintiff must therefore demonstrate good cause for extending the deadline for filing the administrative charge through equitable tolling. <u>Banks</u>, 855 F.2d at 326; <u>Irwin</u>, 498 U.S. at 95. A generalized claim of ignorance of the proper avenue for pursuing a Title VII remedy is not a basis for equitable tolling. <u>Jackson v. Richards Medical Co.</u>, 961 F.2d 575, 579 (6th Cir. 1992).

Plaintiff is hereby ORDERED to amend his complaint within twenty days of the entry of this order to explain why his claims should not be dismissed as unexhausted and barred by the statute of limitations. Plaintiff must relate all facts which show why he was unable to ascertain the facts necessary to file his charges of discrimination within the statutory period. A generalized claim of ignorance of the proper avenue for pursuing a Title VII remedy is not a basis for equitable tolling. <u>See</u> <u>Jackson v. Richards Medical Co.</u>, 961 F.2d 575, 579 (6th Cir. 1992). The amendment must be typed or hand-printed and plaintiff must personally sign the amendment.

A failure to timely comply with any requirement of this order will result in the dismissal of the complaint in its entirety. The plaintiff must also keep this Court informed of his current address. If plaintiff fails to inform the Court of a change of address, he will not be excused for failing to comply with the

Court's orders and deadlines because an order was delayed or not delivered.

    IT IS SO ORDERED this 1st day of August, 2006.

                                        <u>s/J. DANIEL BREEN</u>
                                        UNITED STATES DISTRICT JUDGE